EL PUEBLO, DEMANDANTE Y APELADO, *v.* NEGRÓN, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción de la Ley de Arbitrios.

No. 1575.—Resuelto en enero 27, 1921.

ALAMBIQUES—PRUEBA PERICIAL.—No cometió error la corte inferior al estimar en el presente caso que era efectivamente un alambique el que, ofrecido como prueba, fué ocupado en tres piezas o secciones desconectadas pero componentes de un solo todo. Si bien en tales casos la prueba pericial es conveniente, no es, sin embargo, forzosamente necesaria.

ID.—ARBITRIOS—PRUEBA SUFICIENTE.—Declaraciones creditivas de que las tres secciones de que se componía el alambique presentado a la corte fueran ocupadas por la policía en la casa del acusado, una de ellas en el cielo raso, otra bajo un fogón y la otra junto a un recipiente conteniendo miel fermentada, unidas a una certificación del Tesorero de Puerto Rico según la cual no se había hecho declaración alguna por el acusado respecto al alambique, son suficiente prueba de una infracción a la sección 61 de la vigente Ley de Arbitrios.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Tormes.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se formuló denuncia contra Ramón Negrón porque "maliciosa y voluntariamente tenía en su poder o custodia o a su disposición y bajo su control, un alambique o aparato destilatorio, sin haberlo inscrito en la oficina del Tesorero de Puerto Rico, firmando y archivando una declaración haciendo constar el sitio en donde dicho aparato destilatorio estaba situado o almacenado, su clase, capacidad y el nombre del dueño y el objeto para que se usaba o intentaba usar, violando así las disposiciones de la sección 61 de la vigente Ley de Arbitrios." Se celebró finalmente el juicio en la Corte de Distrito de Ponce. El acusado por medio de su abogado excepcionó la denuncia, impugnó la prueba y solicitó el sobreseimiento de la causa. La corte resolvió todo en contra del acusado y lo condenó a pagar una multa de cien dólares

y, en defecto de pago, a sufrir un día de cárcel por cada dólar, sin que la prisión en conjunto pudiera exceder de treinta días. De esa sentencia apeló Negrón para ante esta Corte Suprema señalando en su alegato la comisión de dos errores.

1. "La corte cometió error al apreciar como apreció que unos aparatos disgregados, que estaban en distintas piezas en la casa del acusado, eran un alambique o aparato destilatorio." Argumentado ese error sostiene también el apelante que era necesaria la declaración pericial—que no existió—para que la corte pudiera concluir que se trataba de un alambique.

De la declaración del testigo Alomar, policía, copiamos lo que sigue:

"¿Vd. ocupó algún aparato para destilar ese día?—Sí señor, con una orden de allanamiento fuimos a la casa de este señor, el acusado, que en aquellos momentos no estaba allí, y ocupamos este aparato en diferentes partes. (El testigo señala un aparato que hay en la sala de sesiones de la corte,) el depósito y aquel tubo lo tenía en el plafón de la casa; el tubo de plomo torneado y parte liso y la serpentina la tenía en la cocina detrás de una tina que tenía miel fermentada, todo eso debajo del fogón bien tapado."

Luego, el mismo testigo contestando a la defensa, se expresó así:

"¿Vd. dice que ese aparato estaba en 3 piezas? Sí señor. ¿Una dónde estaba? Aquel depósito estaba en el plafón de la casa; el tubo de conección estaba en la cocina al lado de una tina con miel fermentada.—¿Dónde estaba esa tina con miel? Se trajo a la Corte Municipal pero supongo que lo hayan botado.—¿Y qué más había allí? La serpentina que estaba en la cocina debajo del fogón."

El sargento Renta de la Policía Insular, declaró así, sobre el extremo en cuestión:

"¿Ocupó Vd. en unión del Policía Insular Manuel Alomar, ese día en la Playa de Ponce, algún aparato de destilar? Sí señor. ¿Cómo era ese aparato? Era un aparato que tenía un recipiente, una serpentina y un tubo."

El aparato se presentó también como prueba.

Siendo esto así, a nuestro juicio, no erró la corte al estimar probado que el aparato que se ocupó era un alambique.

Si bien la prueba pericial es siempre conveniente en estos casos, no es absolutamente necesario. Los testigos eran hombres capaces de conocer en qué consistía el aparato destilatorio llamado generalmente alambique. Hablaron sin vacilaciones. Además el aparato estaba allí y la corte pudo examinarlo y concluir que era en efecto un alambique.

*Alambique,* según el diccionario enciclopédico de la lengua castellana, de Zerolo, es un "aparato de metal, vidrio u otra materia, para extraer al fuego y por destilación el espíritu o esencia de cualquier sustancia. Se compone de dos cuerpos; el inferior o caldera, y el superior o cabeza, que sirve de tapa y refrigerante, del cual arranca un cañón, vuelto hacia abajo donde se enchufa el tubo que da salida a la destilación. Algunos alambiques tienen sobre la cabeza un depósito exterior que se llena de agua."

Esta descripción se adapta perfectamente a la del aparato ocupado.

El hecho de que las piezas del aparato se encontraran en diferentes sitios, no empece para concluir que el acusado tenía el aparato, sin haberlo declarado como exije la ley. El haberse encontrado una parte del aparato en el cielo raso y otra tapada debajo del fogón, y sobre todo el hallazgo de la lata con miel ya fermentada, son circunstancias a considerar para juzgar la intención del acusado, aún cuando en verdad para que se entienda perpetrada la infracción que se le imputó bastaba simplemente alegar y probar que tenía en su poder, bajo su custodia o a su disposición y bajo su control el alambique sin haber hecho en Tesorería la declaración que exije la ley. Véase el caso de *El Pueblo* v. *Rosaly,* 28 D. P. R. 474.

2. "La corte cometió error en la apreciación de la prueba y al declarar como declaró sin lugar la moción de *non suit,*

presentada por el acusado en tiempo y forma.'' Hemos examinado la prueba y es suficiente a nuestro juicio. Conocemos ya parte de las declaraciones del policía Alomar y del sargento Renta. Declaran además que la casa en donde se ocupó el aparato era del acusado y que allí vivía él con su familia. Estas declaraciones, unidas al alambique mismo y a una certificación del Tesorero creditiva de que no se había hecho por el acusado declaración alguna con respecto al alambique, son bastantes para demostrar la certeza de la imputación contenida en la denuncia.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.