EL PUEBLO, DEMANDANTE Y APELADO, *v.* HERNÁNDEZ, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla
en causa por infracción a la Ley de Arbitrios.

No. 1891.—Resuelto en abril 21, 1922.

ALAMBIQUE—PRUEBA DE NO ESTAR INSCRITO EL ALAMBIQUE.—En las violaciones
al artículo 61 de la Ley No. 55 de 1919, el gobierno no está obligado a pro-
bar que la persona bajo cuyo control fué ocupado el alambique no lo tenía ins-
crito en la Tesorería de Puerto Rico; es al acusado a quien incumbe la
prueba de estar autorizado para poseerlo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Valldejuli.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

El presente es uno de los muchos casos elevados a esta
corte en los cuales está envuelta la cuestión de poseer un
alambique sin licencia. Ya hemos decidido que la jurisdic-
ción para conocer de las verdaderas violaciones del artículo
2 de la vigente Ley Orgánica, corresponde a la Corte de
Distrito de los Estados Unidos para Puerto Rico, *El Pueblo
v. Torres,* 28 D. P. R. 835, pero también hemos decidido que
no obstante lo prescrito en la Ley Orgánica, continúan en
vigor los artículos de las leyes de rentas internas que pro-
hiben el poseer un alambique sin licencia previa expedida
por el Tesorero de Puerto Rico, *El Pueblo v. Rosaly,* 28 D.
P. R. 474. Y es bajo esta última base que se están siguiendo
cientos de procesos en los actuales momentos en todas las
cortes de la isla.

Generalmente la prueba presentada consiste en la ocu-
pación, en poder del acusado, del aparato destilatorio, y en
una certificación del Tesorero creditiva de que en los archi-
vos de su departamento no aparece que el acusado haya ins-
crito en la Tesorería alambique alguno o aparato de des-

tilar de acuerdo con lo dispuesto en la sección 61 de la Ley No. 55 de junio 15, 1919. Y esa fué en efecto la evidencia aportada por El Pueblo en esta causa.

Suscítanse varias cuestiones por el apelante que no examinaremos por haber sido ya resueltas repetidamente por esta corte. Nos limitaremos al estudio y decisión de la excepción anotada al introducir el fiscal la certificación del Tesorero. Claramente el acusado se opuso por el fundamento de que el Tesorero no estaba autorizado para expedir certificaciones negativas. Cita el apelante en su alegato la Ley de Evidencia y el tratadista *Jone, The Blue Book on Evidence,* vol. 3, páginas 536, 537, 555 y 556. El fiscal sostiene en su informe que no se cometió error alguno porque a su juicio la certificación del Tesorero aunque en apariencia negativa es de hecho afirmativa.

La cuestión es interesante, pero es innecesario resolverla. El Pueblo pudo prescindir de la certificación. Una vez demostrado que el alambique se ocupó en poder del acusado, era a éste al que correspondía probar, como cuestión de defensa, que lo tenía inscrito en la Tesorería de Puerto Rico.

En la biografía del Juez Presidente Ruffin, aquel notable abogado que tanto influyó en la formación de la jurisprudencia de la Carolina del Norte, aparece el siguiente párrafo:

"En Shaw v. Morrison, estableció la doctrina, seguida desde entonces por todos los Estados de la Unión con excepción de uno, de que en una acusación por vender licores sin licencia, el peso de la prueba estaba sobre el acusado para demostrar la existencia de la licencia. 14 N. C. R. 299. Black on 'Intoxicating Liquors,' pág. 507." 4 Lewis, Great American Lawyers, 292.

Cyc., basándose en decisiones de muchos Estados, establece la regla así:

"En casos en que se descansa en una licencia para vender como defensa a la persecución, el gobierno no está obligado a producir ninguna evidencia para sostener la alegación negativa de que la

venta fué hecha sin licencia, sino que al contrario es el acusado quien debe asumir el peso de probar que estaba debidamente autorizado.'' 23 Cyc. 247.

Aunque aquí no se trata de la venta de licores sin licencia, la semejanza del caso es completa y la jurisprudencia aplicable.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.