EL PUEBLO, DEMANDANTE Y APELADO, *v.* MILLÁN, ACUSADO Y APELANTE.

No. 2299.—*Visto:* Noviembre 21, 1924.   *Resuelto:* Enero 21, 1925.

APELACIÓN—DEBER DEL APELANTE—ALEGATO—DERECHO DEL JUEZ A INTERROGAR A LOS TESTIGOS.—El juez sentenciador tiene a su cargo el control de la prueba y puede en su discreción durante el juicio y con más razón si el acusado ha elegido el tribunal de derecho, interrogar a un testigo para aclarar cualquiera de sus manifestaciones o para el mejor esclarecimiento de los hechos objeto de la acusación. Y cuando un acusado conceptúa erróneo el interrogatorio del juez, debe especificar las preguntas perjudiciales y no dejar al tribunal de apelación la tarea de escudriñar el récord para encontrarlas.

ALAMBIQUE NO INSCRITO—PRUEBA DE ESTAR INSCRITO EL ALAMBIQUE.—Una vez demostrado que el alambique se ocupó en poder del acusado, es a éste a quien corresponde probar que lo tenía inscrito en la Tesorería de Puerto Rico. El Pueblo no está obligado a probar que el acusado no lo tenía inscrito.

ID.—PRUEBA SUFICIENTE.—No se necesita que un testigo sea perito para que pueda declarar si el aparato ocupado al acusado era o no un alambique.

ID.—PRUEBA INNECESARIA.—En casos de infracción a la sección 61 de la Ley de Arbitrios de junio 15 de 1919 no es necesario alegar ni probar que el alambique ocupado era capaz de destilar alcohol para fines medicinales, sacramentales o científicos.

SENTENCIA de *P. Berga,* J. (Humacao), condenando al acusado de una infracción a la ley de arbitrios.

*A. Aponte, C. Travecier* y *F. Gallardo,* abogados del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El acusado fué sentenciado a un mes de cárcel por haber violado la sección 61, título V, de la Ley de Arbitrios No. 55, aprobada en junio 15, 1919, (p. 227).

Apeló de la sentencia y en su alegato hace el señalamiento de los siguientes errores, a saber:

"1. La corte erró al formular su interrogatorio al testigo Antonio Marrero, toda vez que la corte debía juzgar y no ser parte en la controversia.

"2. La corte erró al aceptar la prueba documental que a continuación se copia: 'El que suscribe, Tesorero de Puerto Rico, por la presente CERTIFICA: que de los archivos de este Departamento no aparece que Juan Millán, de Ceiba, haya inscrito en la oficina del Tesorero de Puerto Rico un alambique o aparato para destilar, de acuerdo con lo que dispone la sección 61 de la Ley No. 55 de junio 15, 1919.—Y para que conste, expido la presente certificación en la ciudad de San Juan a los veinte días del mes de abril del año mil novecientos veinte y tres.—(fdo.) Ramón Aboy, Jr., Tesorero de Puerto Rico. 2.—Asunto Oficial.''

    *       *       *       *       *       *       *

"3. La corte erró al admitir la declaración de Miguel Ramírez Méndez.

"4. La corte erró al no declarar con lugar la eliminación de la declaración del testigo Ramírez, tal como fué solicitada.

"5. La corte erró al aceptar como prueba el alambique ofrecido por El Pueblo de Puerto Rico.

"6. La corte erró, además, en la apreciación de la prueba.''

El primer error lo argumenta el apelante sin significar las preguntas que el juez inferior hiciera al testigo Antonio Marrero y del cual se infiere el prejuicio que se imputa a dicho juez en la dirección del juicio. Era el deber del apelante especificar el interrogatorio que a su juicio creyó perjudicial al acusado y no dejar a esta corte la tarea de examinar minuciosamente el récord para descubrir la proposición que de un modo general se intenta demostrar. Es saludable decir, sin embargo, que el juez sentenciador tiene a su cargo el control de la prueba y puede en su discreción durante el juicio y, con más razón si el acusado ha elegido el tribunal de derecho, interrogar a un testigo para aclarar cualquiera de sus manifestaciones o para el mejor esclarecimiento de los hechos objeto de la acusación.

Sostiene el apelante el error de haberse admitido la

prueba de la certificación negativa del Tesorero de Puerto Rico acreditando que el alambique ocupado no está inscrito en Tesorería y de una carta remitida por el Attorney General al Juez Municipal de Fajardo, con el endoso del Tesorero aconsejando la. continuación del proceso.  Esta misma cuestión había sido resuelta en el caso de *El Pueblo* v. *Hernández,* 30 D.P.R. 368, diciéndose que El Pueblo pudo prescindir de la certificación, pues una vez demostrado que el alambique se ocupó en poder del acusado, a éste correspondía probar, como cuestión de defensa, que lo tenía inscrito en la Tesorería de Puerto Rico.  Se cita además el caso de *Shaw* v. *Morrison,* 14 N.C. 299; Black on Intoxicating Liquors, p. 507; 4 Lewis Great American Lawyers, 292 y 23 Cyc. 247.

Los errores tercero y cuarto se refieren a haber permitido la corte inferior la declaración de Miguel Ramírez Méndez, quien declaró en concepto de perito diciendo que el aparato ocupado era un alambique.  Esta es otra cuestión ya resuelta por esta Corte Suprema.  En el caso de *El Pueblo* v. *Ribera,* 32 D.P.R. 73, en la opinión emitida por el Hon. Juez Wolf se dijo lo siguiente:

"Los dos primeros señalamientos de error se refieren a la admisión de prueba porque durante la celebración del juicio de una causa por estar el acusado en posesión de un alambique sin tener licencia, se permitió declarar a dos policías sobre la existencia del alambique.  También se opuso el apelante por el fundamento de que los policías no eran peritos.  Los policías declararon con respecto a lo que habían visto y que parecía ser un alambique.  Hasta tanto no estemos convencidos de lo contrario nos sentimos obligados a resolver que no necesita un testigo ser perito para poder declarar acerca de la existencia de un alambique. *El Pueblo* v. *Negrón,* 29 D.P.R. 55, caso en el cual el alambique fué presentado a la corte."

Se alega en cuanto al quinto error que la corte inferior estuvo equivocada permitiendo que se produjera la prueba del alambique por no aparecer de la denuncia que dicho aparato fuera capaz de destilar alcohol de cuarenta grados.  El

hecho denunciado ocurrió en febrero 17, 1923, con anteriori-
dad a la ley No. 68 de 28 de julio de 1923, (1) p. (443) por
lo que la ley aplicable es la aprobada en junio 15, 1919, No.
55. Y esta ley en su sección 61 prescribe:

"Sec. 61.—Todá persona que tuviere en. su posesión o custodia
o a su disposición, como dueño, arrendatario, guardián o en otra
forma, lo inscribirá en la oficina del Tesorero de Puerto Rico, fir-
mando y archivando con dicho Tesorero una declaración por escrito,
haciendo constar el sitio particular donde dicho alambique o apa-
rato destilador está situado o almacenado, la clase de alambique, y
su capacidad cúbica, el nombre del dueño del mismo, sitio de su re-
sidencia y los fines para los cuales dicho alambique o aparato des-
tilatorio se ha usado, está usándose o se propone usar; y al serle
exigido por cualquier funcionario de rentas debidamente autorizado,
proveerá acceso libre y sin restricción a dicho aparato con el fin de
inspeccionarlo. Dichos alambiques o aparatos destilatorios deberán
estar en locales que no sean utilizados como residencias particula-
res. Y toda persona que dejare de inscribir cualquier alambique o
aparato destilatorio que estuviere en su poder o custodia o a su dis-
posición, o que impidiere o dificultare la libre inspección del mismo
por un agente de rentas internas, será culpable de delito menos
grave (*misdemeanor*). Y todo alambique o aparato destilatorio no
inscrito será embargado por el Tesorero de Puerto Rico, o por sus
agentes, y por él confiscado y vendido a beneficio de El Pueblo de
Puerto Rico."

El delito consiste en la posesión, custodia, como dueño,
arrendatario, guardián o en otra forma de "cualquier alam-
bique o aparato para destilar" que se dejare de inscribir
en Tesorería o que se impidiere o dificultare la inspección
del mismo. No forma parte de su definición que fuera ca-
paz para destilar alcohol de cuarenta grados y por consi-
guiente no es requisito afirmativo que debe contener la de-
nuncia ni elemento que debió probarse en el juicio. Es po-
sible que el apelante haya seguido en su razonamiento la
doctrina establecida en el caso de *El Pueblo* v. *Valentín,*
de abril 24, 1924, (pág. 40), interpretando la sección 61 tal
como fué enmendada por la ley de febrero 17 de 1923, que
se refiere a alambiques capaces de destilar alcohol para fi-

nes medicinales, sacramentales o científicos, resolviéndose que este es un requisito esencial que hay que probar. Pero ya hemos dicho que los hechos de este caso tuvieron lugar antes de la enmienda, no siendo aplicable la última ley.

Resta el último error que versa sobre la apreciación de la prueba por el juez inferior. Esta fué contradictoria y el conflicto fué resuelto en contra del acusado. No se desprende de la misma ningún error manifiesto ni que haya habido prejuicio, pasión o parcialidad en su apreciación.

La sentencia inferior *debe confirmarse.*